IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH THAYER, individually and on behalf of all others similarly situated </br></br>  Plaintiff, </br></br> v. </br></br> SFR3 RENOVATION, LLC. </br> c/o Registered Agents INC. </br> 6545 Market Avene N., Suite 100 </br> North Canton, Ohio 44721 </br></br>  Defendant. | CASE NO. </br></br> JUDGE: </br></br> **COLLECTIVE ACTION COMPLAINT** |

Plaintiff Joseph Thayer, by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this Complaint against Defendant SFR3 Renovation, LLC, ("SFR3"), and in support of his claims, states as follows:

**PRELIMINARY STATEMENT**

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as property engineers for Defendant, in the business of creating affordable homes for rent by renovating old houses in disrepair to "like new."

2. Plaintiff files this lawsuit on behalf of himself and as a putative collective action on behalf of all similarly situated employees of Defendant.

3. Plaintiff worked for Defendant as a property engineer during the time period relevant to this lawsuit. Plaintiff's job duties did not include hiring or firing other employees or setting their schedules.

4. Defendant employs property engineers or those working in similar job positions (Defenant uses the titles "property engineer" and "maintenance technician" interchangeably), and instructs them to login to their work computers to obtain their assignments and drive to their first assignment before they can clock in, essentially not paying them for those hours worked, even when more than 40 hours of work is performed in a particular work week.

5. Defendant employs property engineers or those working in similar job positions and instructs them to clock out as soon as they leave the last jobsite of the day, even if they are taking work phone calls and monitoring work communications after clocking out, essentially not paying them for those hours worked, even when more than 40 hours of work is performed in a particular work week.

6. Thayer, and similarly situated employees routinely work(ed) more than forty (40) hours in a workweek but are not paid an overtime premium for all their overtime hours.

7. As a result of Defendant's failure to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law, Defendant has violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, Ohio Rev. Code § 4113.15 by failing to pay Thayer, and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required by the FLSA, OMFWSA, and Ohio Rev. Code § 4113.15.

8. Thayer brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

10. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

11. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant operates a business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

12. Plaintiff Joseph Thayer is a resident of the city of Olmsted Falls, county of Cuyahoga, and state of Ohio.

13. Thayer was hired by Defendant as a project manager in October 2022, which was a salaried position.

14. Thayer was moved to a Property Engineer position in April 2023, an hourly non-exempt position, which he held until he resigned in January 2024.

### Defendant

15. Defendant SFR3 is a Delaware corporation that acquires, renovates, and rents affordable homes through the South and Midwest, including Ohio.

16. SFR3 is an "employer" of Thayer, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

3

17. At all relevant times, SFR3 maintained control, oversight, and direction over Thayer, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

18. At all relevant times, SFR3 has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. SFR3's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

## FACTUAL ALLEGATIONS

20. Thayer, and similarly situated employees work or worked for Defendant as property engineers during the applicable statutory period.

21. Defendant lists the Property engineer Responsibilities as follows: Property engineer will inspect, repair, and maintain homes within a given submarket. Working with small teams and independently, they will respond to all assigned work orders and ensure that they are resolved in a timely manner while making sure quality standards are met across dozens of markets.

22. Thayer, and similarly situated employees' primary duties do not require the exercise of discretion and independent judgment to matters of significance.

23. Thayer, and similarly situated employees do not have the authority to hire or fire other employees, nor are their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

24. Thayer, and similarly situated employees were typically required to perform the following tasks before clocking in each day: Log in to OnSite platform to check work orders and tasks

4

for the day, contact applicable tenants to schedule repairs, check and respond to company issued email, make materials list for work orders, have meetings with the maintenance supervisor or market ACE if needed, mandatory market meetings with regional director, purchase needed items at Home Depot. This unpaid work time fell between 1-2 hours every morning.

25. Thayer, and similarly situated employees were typically required to perform the following tasks in route to their first assignment, before clocking in each day, and after their last assignment, after clocking out: Phone calls to tenants or fellow co-workers about work related items. Drive time for 1st and last trip of the day ranged between 30-60 minutes.

26. Thayer, and similarly situated employees were typically required to perform the following tasks after clocking out each day: monitor and update "Slack," a company-wide communication channel through which we kept updated 24 hours a day for important information or emergency work order notices.

27. The company educational system, or LMS, was conducted by a group of employees they called "the Academy." They instructed Thayer, and similarly situated employees, to never clock in until they arrive at property of first work order. Thayer, and similarly situated employees, were also instructed to clock out before they the left driveway of last job. These rules were consistently repeated in weekly meetings and also appear in the company handbook.

28. All non-exempt employees are entitled to overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek.

5

29. Defendant suffered and permitted Thayer, and similarly situated employees to work more than forty (40) hours per workweek.

30. Defendant has a policy of not paying Thayer, and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for all the overtime hours they worked as required by the FLSA.

31. Defendant failed to pay Thayer, and similarly situated employees, for all of the work SFR3 required them to perform.

32. Defendant willfully deprived Thayer, and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

33. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

34. Thayer brings Count I on behalf of himself and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

> All Property engineers who have been employed by SFR3 Services, Inc. from March 25, 2021 until the date of final judgment in this matter, and worked more than forty (40) hours in one or more workweeks.

35. Thayer consents in writing to assert his claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Thayer's signed consent form is filed with the Court as Exhibits A to this Complaint.

36. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

37. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

38. Thayer, and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Thayer, and the FLSA Collective.

39. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

## COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA
### (On Behalf of Thayer, and the FLSA Collective)

40. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

41. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

42. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Thayer, and the FLSA Collective, no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

43. Thayer, and the FLSA Collective, regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

44. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Thayer, and the FLSA Collective.

45. Defendant knew Thayer, and the FLSA Collective, worked overtime without proper compensation, and it willfully failed and refused to pay Thayer and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 255.

46. Defendant's willful failure and refusal to pay Thayer, and the FLSA Collective, overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

47. As the direct and proximate result of Defendant's unlawful conduct, Thayer, and the FLSA Collective, have suffered and will continue to suffer a loss of income and other damages. Thayer, and the FLSA Collective, are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

### COUNT II – FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
**(On Behalf of Thayer)**

48. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

49. Thayer worked more than forty (40) hours in one or more workweeks.

50. Starting October 2022, Defendant did not pay Thayer at least one and a half times his normal hourly rate for time worked in excess of forty (40) per workweek.

51. By not paying Thayer proper overtime wages for time worked in excess of forty (40) per workweek, Defendant has violated the OMFWSA.

52. As a result of Defendant's violations, Thayer is entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorney's fees.

### COUNT III – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4113.15
**(On Behalf of Thayer)**

53. Thayer realleges and incorporates by reference the above paragraphs as if fully set forth herein.

54. During all relevant times, SFR3 was an entity covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Thayer was an employee within the meaning of Ohio Rev. Code § 4113.15 and was not exempt from its protections.

55. Ohio Rev. Code § 4113.15(A) requires that SFR3 pay Thayer all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

56. Thayer's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

57. In violating Ohio law, SFR3 acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

58. As a result of SFR3's willful violation, Thayer is entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

    **WHEREFORE**, Plaintiff Joseph Thayer prays for all the following relief:

        A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Thayer, and his counsel to represent the collective action members;

        B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

        C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Ohio Rev. Code § 4113.15;

        D. An award of unpaid overtime wages under the OMFWSA;

        E. Liquidated damages under Ohio Rev. Code § 4113.15;

        F. An award of any pre-judgment and post-judgment interest.

G. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

H. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
65 Erieview Plaza, Suite 610
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com
sobel@swmlawfirm.com

*Attorney for Plaintiff Joseph Thayer, and the FLSA Collective*

## **JURY DEMAND**

Plaintiff hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
